**ALONSO KRANGLE** LLP

445 Broad Hollow Road, Suite 205
Melville, New York 11747

39 Broadway, 35th Floor
New York, New York 10006

800-403-6191   516-350-5555   Fax: 516-350-5554

February 7, 2014

**Via ECF**
Honorable Leonard D. Wexler
United States District Court Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

   Re:  *Caramore, et al v. Maidenform Brands, Inc., et al.*
   Docket No.: 13-cv-06122 (LDW) (GRB)

Dear Judge Wexler,

We represent the Plaintiffs in this matter and write in response to defendant, Wacoal America, Inc.'s ("Wacoal") request for a pre-motion conference in connection with its proposed change of venue motion. For the reasons set forth below, the Eastern District of New York is the proper forum and there is no basis for transfer pursuant to 28 U.S.C. 1404(a).

 1. **Plaintiffs Do Not Dispute That This Action Could Have Been Brought in New Jersey.**

The Court's inquiry on a motion to transfer is two-fold. The first issue is whether the action sought to be transferred is one that "might have been brought" in the district court in which the moving party seeks to have the case litigated. Here, there is no dispute that this action could have been brought in the District of New Jersey.

Once this threshold question is answered in the affirmative, as Plaintiffs have conceded, then the Court must examine whether, "the convenience of parties and witnesses" and "the interest of justice," weighs in favor of a transfer to the proposed district. Laumann Mfg. Corp. v. Castings USA Inc., 913 F. Supp. 712, 720 (E.D.N.Y.1996); Modern Computer Corp. v. Ma, 862 F. Supp. 938, 947-48 (E.D.N.Y. 1994); Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 986 (E.D.N.Y. 1991).

 2. **Defendant Bears the Burden of Showing Transfer Would Serve the Interests of Convenience and Justice.**

The moving party has the "burden to clearly establish that a transfer is appropriate and that the motion should be granted." Laumann, 913 F.Supp. at 720 (quoting Modern Computer, 862 F. Supp. at 948). See also Factors Etc. Inc. v. Pro Arts, Inc., 579 F.2d 215, 218-19 (2d Cir.1978) (cert. denied, 440 U.S. 908 (1979)); Arrow Elec., Inc. v. Ducommun, Inc., 724 F. Supp. 264, 265 (S.D.N.Y.1989).

A variety of factors serve to guide the Court in determining whether to transfer a case to another district. No single factor is dispositive. Modern Computer, 862 F. Supp. at 948. The criteria include: "(1) convenience of the parties; (2) convenience of witness; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiffs choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and (10) how best to serve the interest of justice, based on an assessment of the totality of material circumstances." Modern Computer, 862 F. Supp. at 948; Miller v. County of Passaic, 699 F. Supp. 409, 411 (E.D.N.Y.1988) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1946)). While no factor is dispositive, the cases in this district have repeatedly stressed the deference that is to be given to a plaintiff's choice of forum. The courts are loath to disturb a choice of venue absent a showing "that the balance of convenience and justice weighs heavily in favor of transfer." Somerville v. Major Exploration, Inc., 576 F. Supp. 902, 908 (S.D.N.Y.1983). Accordingly, transfer should be ordered *only* if the balance of conveniences weighs strongly in favor of the change of forum. Innovations Enterprises Ltd. v. Haas-Jordan Co., Inc., 2000 WL 263745, at *2 (E.D.N.Y. Jan. 4, 2000); Pall Corp. v. PTI Tech., Inc., 992 F. Supp. 196, 200 (E.D.N.Y.1998). Where transfer would merely shift the inconvenience from one party to the other, plaintiff's choice of forum is not to be disturbed. Innovations Enterprises, 2000 WL 263745, at *2; Pall, 992 F. Supp. at 199.

### 3. Defendant Has Failed to Make Even a Preliminary Showing to Justify a Disregard for Plaintiff's Choice of Venue.

Even the most cursory review of all of the relevant factors reveals that Defendant will be unable to meet their burden in such a way to justify transfer of this matter.

#### a. Convenience of the parties:

Other than saying that "transfer to the District of New Jersey will *convenience* defense witness," Wacoal's application is completely silent on how maintaining the action in the Eastern District of New York will in any way prove *inconvenient*. Moreover, without any basis in fact, Wacoal claims that a transfer will not inconvenience Plaintiff. Wacoal knows nothing of Ms. Martin's family, employment or financial status. To cavalierly state, without any basis, that Plaintiff will not be inconvenienced falls far short of a defendant's burden to tip in favor of transfer. See Pall, 992 F. Supp. 196 (E.D.N.Y. 1998).

#### b. Relative means of the parties:

A court may also consider whether a disparity between the parties exists with respect to their relative means, such as in the case of an individual plaintiff suing a large corporation. See, e.g., National Utility Service, Inc. v. Queens Group, Inc., 857 F. Supp. 237, 242 (E.D.N.Y.1994); Hernandez, 761 F. Supp. at 989-90. Although Plaintiff is suing as a potential class representative, it cannot be ignored that her individual resources are dwarfed by those of the corporate defendant. Certainly Wacoal will be better able to absorb the costs of litigating this matter in the Eastern District of New York compared to Plaintiff's ability to deal with the financial issues raised by a transfer to New Jersey. More important, other than suggest that moving this matter to

New Jersey would not impose undue financial burden on Plaintiff, the Wacoal fails to demonstrate how this factor actually favors transfer.

### c. Locus of operative facts:

Wacoal argues that none of the facts alleged in the Complaint took place in New York. Defendant's position ignores the fact that Plaintiff and others like her were harmed while resident in this judicial district. Furthermore, all of the actions Plaintiff took in response to that harm occurred within this district. Crucially, Wacoal fails to articulate how New Jersey is the locus of the operative facts which give rise to this claim and therefore cannot be heard to argue that this factor actually favors transfer.

### d. Calendar congestion and practical difficulties:

Here, Wacoal argues that it is "*unlikely*" that the District of New Jersey would be fuller than this Court's such that plaintiffs will be denied a speedy trial there or that transfer will create any practical difficulties which argue against transfer. Defendant attempts to shift the burden to plaintiff to justify remaining in this district. Defendant's argument completely ignores that *it* bears the burden of showing how this factor *favors* transfer. Defendant's argument also ignores the Court's own rules. The Court's rules set forth the requirement that discovery in cases before it must be completed within nine months of the Rule 16 conference. Defendant has cited to no analogous rule in the District of New Jersey which would allow for Plaintiff to complete discovery in such an expeditious manner.

### e. The forum familiar with the substantive law.

Plaintiff does not dispute that New Jersey law will apply whether the matter remains in New York or is transferred to New Jersey. However, "[w]here an action does not involve complex questions or another state's laws, courts in this district accord little weight to this factor on a motion to transfer." Merkur v. Wyndham Intl., Inc., 2001 WL 477268, at *5 (E.D.N.Y. 2001) (citing Vassallo v. Niedermeyer, 495 F. Supp. 757, 759 (S.D.N.Y.1980)). This factor weighs only slightly in favor of transfer to New Jersey and cannot be seen to outweigh all of the other factors.

### f. Attendance and convenience of non-part witnesses:

Convenience of witnesses is often viewed as the single most important factor in determining the balance. Pilates, Inc. v. Pilates Institute, Inc., 891 F. Supp.175, 183 (S.D.N.Y.1995). "To prove that this element supports its position, the movant must supply an affidavit identifying witnesses and the probable subject matter of their testimony." Micro-Assist, Inc. v. Cherry Comms, Inc., 961 F. Supp. 462, 466 (E.D.N.Y.1997) (citing *Haskel v. FPR Registry, Inc.*, 862 F. Supp. 909, 917 (E.D.N.Y.1994)). Plaintiff does not suggest that Wacoal should have produced such an affidavit at this time. However, it does not even provide a basic list of witnesses who are located in New Jersey, a proffer of what their testimony will be, and why it would be inconvenient for any of those witnesses if the case remained in the Eastern District of New York. Wacoal again fails to demonstrate that this factor tips in favor of transfer.

Respectfully submitted,

Andres F. Alonso (AFA 8307)

cc: All counsel of record (via ECF)